# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SREAM, INC, a California corporation,<br><br>　　　Plaintiff,<br><br>v.<br><br>SHOBI, INC., *et al.*,<br><br>　　　Defendants. | Case No. 2:17-cv-00205-KJM-AC<br><br>**STIPULATED ORDER TO:**<br>　**(1) ENTER CONSENT DECREE FOR PERMANENT INJUNCTION AGAINST DEFENDANT SHOBI, INC.**<br>　**(2) DISMISS DEFENDANT SHOBI, INC. FROM THE ACTION *WITHOUT PREJUDICE*** |

---
**STIPULATION TO ENTER CONSENT DECREE**

# **ORDER FOR PERMANENT INJUNCTION**

This Court, having made the following findings of fact and conclusions of law pursuant to the parties' stipulation:

A. Plaintiff Sream, Inc. ("Sream" or "Plaintiff") filed suit against Defendant Shobi, Inc. ("Shobi"), alleging that Shobi violated Sream's rights under 15 U.S.C. §§ 1114, 1116, 1125(a), (c), and (d), and Cal. Bus & Prof. § 17200 *et seq.* ("Action");

B. The Parties entered into a confidential settlement agreement effective as of April 19, 2017 ("Settlement Agreement"), which requires entry of the stipulated judgment set forth herein;

And good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. For the purposes of binding preclusive effect on Shobi as to disputes occurring after April 19, 2017, between Shobi and Sream, and only for such purposes, Shobi admits the following:

    a. Mr. Martin Birzle is now, and has been at all times since the dates of issuance, the owner of United States Trademark Registration Nos. 2,235,638; 2,307,176; and 3,675,839 (the "RooR Marks") and of all rights thereto and thereunder.
    b. The RooR Marks are valid and enforceable.
    c. Since at least 2013, Plaintiff Sream has been the exclusive licensee of the RooR Marks in the United States. Mr. Birzle has been granted all enforcement rights to Sream to sue for obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

2. Effective April 19, 2017, Shobi, and those acting on Shobi's behalf (including its owners, shareholders, principals, officers, agents, servants, employees, independent contractors, and partners), are permanently enjoined from producing, manufacturing, distributing, selling, offer for sale, advertising, promoting, licensing, or marketing (a) any product bearing the RooR Marks or (b) any design, mark, or feature that is confusingly similar to the RooR Marks (collectively, the "**Permanent Injunction**").

3. Shobi is bound by the Permanent Injunction regardless of whether Mr. Martin Birzle assigns or licenses his intellectual property rights to another for so long as such trademark rights are subsisting, valid, and enforceable. The Permanent Injunction inures to the benefit of Mr. Martin Birzle successors, assignees, and licensees.

4. The Parties waive any rights to appeal this Permanent Injunction.

5. After entry of the Permanent Injunction, Defendant Shobi shall be dismissed from the Action, *without prejudice*, with each party to bear their own attorneys' fees and costs.

6. The court in its discretion declines to maintain jurisdiction to enforce the terms of the parties' settlement agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994); *cf. Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir.1993). Unless there is some independent basis for federal jurisdiction, enforcement of the agreement is for the state courts. *Kokkonen*, 511 U.S. at 382.

IT IS SO ORDERED.

DATED: April 19, 2017.

_____
UNITED STATES DISTRICT JUDGE